Gibson, J.
Although there are a number of exceptions to the charge, there is but a single point in the cause, and that a plain one. A judgment creditor in pursuance of an arrangement with the debtor, purchases the real property of the latter at auction, through the intervention of an agent, to whom the conveyance is made, and who, in turn, conveys to the, judgment creditor. No money is paid by any one; and the judgment, on the trial of an issue directed for the purpose, is found to be collusive, and is vacated. The debtor applies for the benefit of the insolvent laws, and assigns all his property to a trustee, who brings an action against the purchaser, for money had and received, to recover the nominal price for which the property was sold at auction; although there was, in fact, no money had and received. On' this statement of the case, it is evident that the plaintiff has mistaken his remedy. If the sale were fraudulent, as regards the creditors, the trustee might recover the property by ejectment; , for although the contract would be irrevocable between the parties to the fraud, it would be void against any one who represents the creditors, as far as it should be requisite to procure payment of the debts: the surplus going to the purchaser, and nokto the debtor, as a resulting trust under the assignment. If indeed the purchaser had sold lo a person ignorant of the fraud, the purchase money received by him, would have been received to the use of the trustee representing the creditors, and might have been recovered in this form of action; and this because the land could not be affected in the hands of the second purchaser. But that is not the case here. On the other hand, if the trustee chooses to affirm the sale, and go for the purchase money, bis course is to proceed by an assumpsit on the special contract, if the price has not been secured by a specialty. But this action for money bad and received, although it is a beneficial one, and therefore liberally to be supported, lies only for money actually received. When the subject matter of the demand has been received by the defendant in the form of a chattel, there are instances in which the jury have been left to presume from slight circumstances, that it had been turned into money by a sale; but I do not know tnat, even then, the presumption would be sustained against the admitted truth of the fact. That however is not the case here, and I give no opinion on it. There is no error in the record, and the judgment is affirmed.
Judgment affirmed.